# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HOLTRY, | CASE NO. 1:10-cv-00488-LJO-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION |
| v. | FOR FAILURE TO STATE A CLAIM |
| H. A. RIOS JR., et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.    Screening Requirement**

Plaintiff Robert Holtry is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed the complaint on March 18, 2010. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

1

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## II.   Summary of Complaint

Plaintiff is a federal prisoner presently incarcerated at the United States Penitentiary in Atwater, California.  The complaint names Defendants H.S. Rios, Jr. (Warden), J McFadden (Regional Director), Harley Lappin (Director), and the Federal Bureau of Prisons.  Plaintiff alleges that he should receive time credits toward his federal sentence from the date that a federal detainer was placed upon him. Doc. 1 at 3. Plaintiff is requesting an order stating that, pursuant to 18 U.S.C. § 3585(a), "at the time a federal detainer is placed on [an inmate, he] is formally and legally in federal custody for purposes of accruing credit for time incarcerated to be applied toward [his] federal sentence." (*Id.* at 4.)

## III.   Habeas Corpus

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990).  Where the action is brought to restore time credits, the effect is to shorten the term of confinement and the action would need to be brought by habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005).  A "prisoner's [civil rights] action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit ([government] conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-2.

Plaintiff is clearly challenging the legality or duration of his federal custody. Plaintiff alleges he should be given time credit toward his federal sentence from the date that the federal detainer was placed on him.  The relief requested is an order by the Court that, under 18 U.S.C. § 3585(a), time

credit toward a prisoner's federal sentence is to be given from the date a federal detainer is placed on the inmate. Since the success in this action would necessarily demonstrate the invalidity of his confinement or its duration, the sole remedy available to Plaintiff is a writ of habeas corpus. The Court should dismiss the complaint without prejudice.

### IV. Conclusion and Recommendation

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief under *Bivens*. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. Proc. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Noll v. Carlson*, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed in its entirety, without prejudice, for failure to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 12, 2012

UNITED STATES MAGISTRATE JUDGE